USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/22/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

ANDRES MARTINEZ,

         *Plaintiff*,

  -against-

QUEST XPRESS LLC AND VINCENT YEARWOOD,

         *Defendants*.

------------------------------------------------------X

17 Civ. 2850 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Defendants Quest Xpress LLC and Vincent Yearwood move *in limine* to preclude Plaintiff Andres Martinez's treating physicians from (1) testifying beyond the scope of their treatment and diagnoses; and (2) testifying as to any radiological films or reports. On October 18, 2018, the Court ordered the parties to submit briefing on the permissible scope of a treating physician's testimony. After review of the parties' submissions, the Court DENIES Defendants' motion.

Treating physicians are not subject to the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2)(B) and are permitted to testify to opinions formed in the course of treating a patient. *See Zanowic v. Ashcroft*, No. 97CIV.5292JGKHBP, 2002 WL 373229, at *2 (S.D.N.Y. Mar. 8, 2002). Still, where treating physicians testify as lay witnesses under Federal Rule of Evidence 701 rather than as experts, their testimony is limited to facts observed and opinions rendered within the course of treatment or based on a reasonable reading of the medical records. *See Lamere v. New York State Office For The Aging*, 223 F.R.D. 85, 89 (N.D.N.Y.

2004), *aff'd*, No. 03-CV-0356, 2004 WL 1592669 (N.D.N.Y. July 14, 2004). Opinions regarding "the cause of any medical condition presented in a patient, the diagnosis, the prognosis and the extent of the disability, if any, caused by the injury" are admissible if they are based on a treating physicians own observations. *Zanowic*, 2002 WL 373229, at *3.

Plaintiff's treating physicians—Dr. Robert Haar, Dr. Albert J. Ciancimino, Dr. Arden M. Kaisman, Dr. David Abbatematteo, Dr. Gary Tubman, and Dr. Mark Decker—are thus permitted to testify to opinions they formed from observing and treating Plaintiff. *See Robinson v. Suffolk Cty. Police Dep't*, No. CV 08-1874 AKT, 2011 WL 4916709, at *6 (E.D.N.Y. Oct. 17, 2011), *aff'd*, 544 F. App'x 29 (2d Cir. 2013). This testimony can include opinions about cause, diagnosis, and prognosis, if based on the treating physicians' own observations during treatment. *See Zanowic*, 2002 WL 373229, at *3. If the physicians consulted radiology films or reports while treating Plaintiff, opinion testimony based on those documents is also permissible. *See Lamere*, 223 F.R.D. at 89.

## CONCLUSION

The Court DENIES Defendants' motion *in limine* to preclude treating physicians' testimony. The treating physicians are permitted to testify as Rule 701 lay witnesses and may offer opinions formed during the course of treatment.

Dated: New York, New York
October 17, 2018

SO ORDERED

*Paul A. Crotty*
PAUL A. CROTTY
United States District Judge

2